IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS CALVIN WANSLEY**  **PETITIONER**

**VS.**  **CIVIL ACTION NO.: 3:13cv517-HTW-LRA**

**CHRISTOPHER EPPS**  **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This court now adopts the Report and Recommendation [Docket no. 10] of United States Magistrate Judge Linda R. Anderson ("Judge Anderson"). On August 27, 2013, petitioner Thomas Calvin Wansley ("Wansley") filed a petition for federal habeas relief. On October 9, 2013, respondent Christopher Epps ("Epps") moved to dismiss [Docket no. 7] the petition. Judge Anderson recommends that this motion should be denied as moot and that Epps' motion to reset deadlines [Docket no. 9] be granted, allowing the respondent to file an answer in 20 days.

After being convicted of aggravated assault with a firearm in the Circuit Court of Hinds County, Mississippi, on November 2, 2011, Wansley was sentenced to serve 20 years, with credit for the time served in the Mississippi Department of Corrections. The sentencing court appended five years to his sentence, to run consecutively to his twenty-year term, to comply with Mississippi's statutorily mandated firearms enhancement.[1] Wansley appealed his conviction and sentences, and on June 3, the Mississippi Court of Appeals affirmed his conviction and sentences in *Wansley v. State*, 114 So.3d 793 (Miss. Ct. App. 2013), *reh'g denied*, Oct. 1, 2013, *cert denied*, Dec. 12, 2013.

---

[1] MISS. CODE ANN. § 97-37-37(1) provides:
   Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.

On August 27, 2013, Wansley filed the instant petition, challenging: the weight and sufficiency of the evidence; the validity of his sentences; and the trial court's decision to exclude testimony concerning prior incidents between Wansley and the victim. On October 1, 2013, Wansley's motion for a rehearing in the state court was denied.

On October 9, 2013, Epps moved to dismiss. In this motion, Epps argued that since Wansley had yet to file a petition for writ of certiorari with the Mississippi Supreme Court, Wansley had failed to exhaust available state court remedies. Petitioners for federal habeas relief under 28 U.S.C. § 2254[2] are required to exhaust all claims in state court before requesting federal collateral relief. *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). In order to satisfy § 2254(b)(1)'s exhaustion requirement, a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). A habeas petitioner only fairly presents the substance of his or her claim to the state courts when he or she submits the factual and legal basis of each claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has yet to exhaust all of his or her post-conviction remedies has failed to assert a cognizable right to federal habeas relief under § 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Epps, however, now concedes that on October 18, 2013, Wansley filed a petition for writ of certiorari in the Mississippi Supreme Court. On December 12, 2013, the Mississippi Supreme

---

[2] Title 28 U.S.C. § 2254 provides, in pertinent part, that:
    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    (b)
        (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
            (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)
            (i) there is an absence of available State corrective process; or
            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Court denied Wansley's petition. Epps acknowledges that Wansley, at this point, has exhausted his state court remedies. Epps, additionally, now requests an extension of time to file a response to Wansley's petition for habeas relief. [Docket no. 9]

This court now denies Epps' motion to dismiss Wansley's petition as moot, [Docket no. 7], and grants Epps' motion to reset the deadline for Epps to file a responsive pleading. [Docket no. 9]. This court, consequently, orders Epps to file an answer to Wansley's petition within twenty (20) days of the entry of this order.

SO ORDERED, this the 23rd day of June 2014

s/ Henry T. Wingate
UNITED STATES DISTRICT JUDGE