IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS CALVIN WANSLEY                                             PETITIONER

VERSUS                          CIVIL ACTION NO.  3:13CV517 HTW-LRA

MARSHALL L.  FISHER
COMMISSIONER of the MISSISSIPPI
DEPARTMENT of CORRECTIONS                                        RESPONDENT

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Thomas Wansley was convicted in the Circuit Court of Hinds County, Mississippi, and seeks federal habeas relief under 28 U.S.C. § 2254.  The Court finds that the petition should be dismissed because the State court's ruling was not contrary to, or an unreasonable application of, clearly established federal law.

**Factual and Procedural Background**

Wansley was convicted of aggravated assault with a firearm in the Circuit Court of Hinds County, Mississippi.  The relevant facts are accurately described in the state court's opinion as follows:

> On February 21, 2011, Wansley and Wilson were both at the Walmart store on Highway 18 in Jackson. Wilson was there with Daniel Frances, his coworker and friend, to pick up a television for Wilson's girlfriend. Wansley was there with his girlfriend, Kim Brown, and her mother, Linda Brown, to buy groceries. The altercation occurred in the parking lot around 4:50 p.m. Wansley was sitting in his car as Kim and Linda loaded their groceries. Wilson had parked his truck, gone into the store to measure the television, and returned to the parking lot. He got into his truck and was driving toward the store to pick up the television, when he said something to Wansley's girlfriend. According to Wilson, it was a pleasantry, but other witnesses described it as a come-on. Wansley testified he did not hear what was said to Kim, but he decided to confront Wilson because of an insult directed at him. Wansley stepped out of his car as Wilson drove a few car lengths to the end of the parking lot nearest the store, where he stopped. Wansley advanced on Wilson's vehicle. Wilson got out and met Wansley near the rear of Wilson's truck. A brief argument unquestionably ensued, but every witness gave a slightly different account

of who said what, with more neutral observers describing a mutual confrontation.

Wilson testified he was trying to protect his vehicle and that Wansley threatened him by displaying a pistol in his pocket. When Wilson turned around in an attempt to end the dispute, Wansley drew the pistol and shot him in the back. Wilson retreated into the truck as Wansley pursued, firing five shots in total, four of which struck Wilson in the back and neck. Wilson drove onto the sidewalk in front of the store, where he stopped the vehicle, stepped out, and collapsed onto the ground.

According to Wansley, Wilson was the one who put his hand in his pocket as if to imply he had a gun, then he threatened to retrieve one from his truck. Wansley claimed to have seen a gun in the vehicle and shot Wilson as the latter was reaching for it.

Approximately two seconds after Wansley turned away from Wilson and began moving back to his own vehicle, he nearly ran into Reginal Smith, an off-duty police officer. Smith had watched the argument from a short distance and was advancing as Wansley fled. According to Officer Smith, Wansley raised his pistol at Smith, which prompted the officer to fire a single shot. Smith missed, but Wansley dropped his gun and fell to the ground, where Smith held him until other officers arrived.

The incident was captured by a Walmart security camera. The recording was entered into evidence and used extensively in the trial, but the camera was some distance away. The recording is also at a low resolution, only captured four frames per second, and contains no audio.

Wansley was arrested and gave a statement to the investigating officers. A typewritten statement contains a narrative of the shooting, which is subscribed by Wansley, as well as a series of questions and responses where each of Wansley's answers is initialed. It somewhat contradicted Wansley's testimony at trial, in that Wansley originally claimed to have seen a gun in Wilson's pants pocket rather than in the truck. At trial, Wansley testified he had been consistent all along and the written statement contained a scrivener's error. He claimed he did not read the typed statement closely before signing and initialing it.

*Wansley v. State*, 114 So.3d 793, 795-96 (Miss. Ct. App. 2013), *reh'g denied*, Oct. 1, 2013, *cert. denied,* Dec. 12, 2013.

After a jury trial, Wansley was convicted of aggravated assault with a firearm and using a firearm in the commission of a felony. On November 2, 2011, he was sentenced to serve 20 years in the Mississippi Department of Corrections for the aggravated assault.

He was sentenced to serve an additional five years to run consecutively for the firearm enhancement. *See* Miss. Code Ann. § 97-37-37(1). Aggrieved, Wansley appealed, and the Mississippi Court of Appealed affirmed his convictions and sentences in a written opinion on June 4, 2013. *Id.*

On August 27, 2013, Wansley filed the instant petition raising as grounds for relief, the same grounds raised on direct appeal. Specifically, Wansley challenges the weight and sufficiency of the evidence; the validity of his sentences; and the trial court's decision to exclude testimony concerning prior incidents relevant to Wansley's self-defense claim. On October 9, 2013, Respondent moved to dismiss the instant petition for failure to exhaust available state court remedies because Wansley had not yet petitioned the Mississippi Supreme Court for writ of certiorari after his motion for rehearing was denied by the Mississippi Court of Appeals. Wansley has since exhausted his state court remedies and Respondent's motion was denied as moot on June 23, 2014.

## STANDARD OF REVIEW

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(d)(1), this court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685 694 (2002). The state court's decision must be objectively unreasonable, not merely erroneous or incorrect. *Wood v. Allen,* 558 U.S. 290, 301 (2010).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Morales v. Thaler*, 714 F.3d 295, 301 (5th Cir. 2013). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of

4

[federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002); *Jasper v. Thaler*, 466 F. App'x 429, 435 (5th Cir. 2012). Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S. C. § 2254 (e)(1).

## Discussion

In ground one, Wansley challenges both the weight and sufficiency of the evidence supporting his conviction. He asserts that after the argument ensued, Wilson insinuated that he had a gun in his pocket, and then threatened to retrieve one from his vehicle. Wansley claims to have seen the gun and shot Wilson in self-defense as he reached for it. No weapon was subsequently found. But Wansley maintains that had the police searched the victim's vehicle before permitting it to leave the scene, the gun would have been discovered, thus supporting his contention that he acted in necessary self-defense.

Unlike a sufficiency-of-the-evidence claim, a weight-of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). It is purely a matter of state law and is not cognizable on habeas review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)( "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . ."). Wansley's request for habeas relief on this basis should therefore be denied.

In contrast, a sufficiency-of-the-evidence claim is based upon federal due process principles, requiring the State to prove each element of the offense beyond a reasonable doubt. The only relevant question in assessing a sufficiency-of-the-evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord United States v. Vargas–Ocampo*, 747 F.3d 299, 301(5th Cir. 2014). *Jackson* requires us to look to state law for the substantive elements of the offense, but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 132 S.Ct. 2060, 2064 (2012) (internal quotation omitted). *Jackson* claims "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Id.* at 2062. In the first layer, a state appeals court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id.* In the second layer, a federal court grants habeas relief only upon a finding that the state court's rejection of a sufficiency-of-the-evidence-claim was "objectively unreasonable." *Id.*

To support a conviction for aggravated assault under state law, the State was required to prove that Wansley "attempt[ed] to cause or purposely or knowingly cause[d] bodily injury to another with a deadly weapon or other means likely to produce death or seriously bodily harm. . . ." Miss. Code Ann. § 97-3-7(2)(a). In applying these statutory

6

elements to the facts in this case, the Mississippi Court of Appeals found the evidence more than sufficient to support the aggravated assault conviction. The court explained:

> [E]ven if Wilson's alleged gun had been found, Wansley could still have been convicted of aggravated assault. The jury could have believed nearly all of Wansley's account and still concluded he was an aggressor and the shooting resulted from mutual combat, or even that Wilson was reaching for his own gun in self-defense. It has been "repeatedly held that in a criminal prosecution the jury may accept the testimony of some witnesses and reject that of others, and that they may accept in part and reject in part the evidence on behalf of the state or on behalf of the accused. In other words, the credibility of witnesses is not for the reviewing court." *Ross v. State*, 954 So.2d 968, 1031 (Miss. 2007) (citation omitted). The jury, like any finder of fact, is entitled not only to judge credibility and weigh evidence, it is entrusted to interpret evidence that is "capable of more than one reasonable interpretation." *See Trim v. Trim*, 33 So.3d 471, 479 (Miss. 2010). The evidence was sufficient to find Wansley an aggressor, and an aggressor is precluded from claiming self-defense. *Simmons v. State*, 805 So.2d 452, 473 (Miss. 2001).
>
> Wansley's conviction is supported by sufficient evidence in the record. This issue is without merit.

*Wansley,* 114 So.3d at 796-97.

The only question under AEDPA is whether the state court's rejection of Wansley's insufficiency-of-the-evidence claim was "objectively unreasonable." *Coleman*, 132 S.Ct. at 2062. Although Wansley maintains his actions were in self-defense, "*Jackson* leaves juries with broad discretion in deciding what inferences to draw from the evidence presented at trial. . . ." *Id*. at 2604 (quoting *Jackson*, 443 U.S. at 319). On the basis of these facts, the appellate court's determination that a rational jury could reasonably infer that Wansley was the aggressor and knowingly and purposely assaulted the victim was objectively reasonable. Accordingly, no habeas relief is warranted on this claim.

In ground two, Wansley alleges that his convictions and sentences for both aggravated assault and use of a firearm during a commission of a felony violated the Double Jeopardy Clause of the Fifth Amendment. Citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932), Wansley argues that the state appellate court erred in failing to vacate his five-year sentence enhancement for use of a firearm. *Blockburger,* which sets out the definitive test for determining whether two offenses are sufficiently distinguishable to avoid violating the Double Jeopardy Clause, instructs that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test . . . is whether each provision requires proof of an additional fact which the other does not." *Id*.

As noted *supra*, to obtain a conviction for aggravated assault, the State was required to prove that Wansley "purposely or knowingly cause[d] bodily injury to another with a deadly weapon or other means likely to produce death or seriously bodily harm. . . ." Miss. Code Ann. § 97-3-7(2)(a). To prove a violation of Miss Code Ann. § 97-37-37, the State was required to prove that Wansley used a firearm during the commission of the aggravated assault. The elements of the two offenses are not the same; "each requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304. Further, as observed on direct appeal, Mississippi's legislative intent that a sentence enhancement be imposed for use of a firearm during the commission of a felony "could not be more clear." *Wansley*, 114 So.3d at 797. Miss Code Ann. § 97-37-37 provides:

8

> Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, *in addition to the punishment provided for such felony*, be sentenced to an *additional* term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.

*Id.* (Emphasis added by the Mississippi Court of Appeals).

Wansley fails to establish that the state court's rejection of this claim was contrary to, or an unreasonable application of *Blockburger v. United States*. The convictions for aggravated assault and use of a firearm during the commission of a felony do not implicate the Double Jeopardy Clause, and Wansley's claim on this basis should be denied.

As his final point of error, Wansley argues that the trial court erroneously excluded evidence of prior incidents relevant to his self-defense claim and mental state at the time of the shooting. Two of these incidents allegedly involved prior confrontations with Wilson, who Wansley maintains had a history of exhibiting threatening and aggressive behavior towards him.[1] The third incident occurred when Wansley was allegedly threatened by another individual the morning of the shooting.

With regard to the alleged incidents involving the victim, the record reflects that defense counsel advised the court that "[w]e've adjusted our defense," and no longer

---

[1] Although Wansley fails to detail the prior incidents in his petition for habeas relief, the record indicates that Wansley alleges that he had prior altercations with Wilson at a mall in 2005, and at a basketball game in 2006. ECF No. 12-2, pp. 10-19. In an affidavit submitted in support of the defense's motion for a judgment notwithstanding the verdict, Wansley also alleges that another altercation with Wilson occurred at a gym, but he does not indicate when the incident occurred. ECF No. 12-1, pp. 75-89.

9

intended to introduce evidence of Wansley's prior incidents with the victim.[2]  Because the testimony was never proffered at trial, the evidence was never excluded.  Accordingly, this argument is without merit.[3]

With regard to the third incident, Wansley proffered testimonial evidence at trial that at 7:30 A.M. on the day of the shooting, an individual threatened him with a gun after their vehicles nearly collided at a gas station.  Wansley, who was unarmed at the time, claims that he felt extremely defenseless after the encounter so he obtained a gun from his brother for protection, which, incidentally, he maintains he was legally entitled to possess because he was not a convicted felon.  The gas-station encounter was not only relevant to his state of mind, Wansley argues, but it explains why he had a gun in his possession at the time of the shooting.

The trial court rejected this argument, finding that the incident, which involved another individual and occurred approximately seven hours before the encounter with the victim, was "far removed from the issues before the court and could substantially mislead the jury in their deliberations."[4]  The appellate court agreed that "while there may have

---

[2] ECF No. 12-4, pp.108-109.

[3] ECF No. 12-2, pp. 10-19.  The Court further notes that the alleged prior altercations between Wansley and the victim occurred in 2005 and 2006, some five to six years before the shooting, and that no apparent interaction occurred between them between 2006 and 2011.  *Id.*

[4] ECF No. 12-4, p. 438.  Although the trial court excluded Wansley's testimony concerning the gas-station encounter, defense counsel described the incident in her opening statement.  ECF No. 12-3, p. 19.

been some relevance to the testimony regarding the incident at the gas station, we cannot say the trial court abused its discretion in excluding it," under Mississippi Rule of Evidence 403.[5] *Wansley*, 114 So.3d at 798. Additionally, the court explained that the proffered testimony "also appears to have been an attempt to bolster Wansley's peaceable character through the testimony he had not previously owned a gun." *Id.* Under state law, "[w]hile a defendant is entitled to introduce evidence of his character, he can only do so through testimony of reputation or opinion; evidence of specific instances of conduct is not permitted except on cross-examination. M.R.E. 405."[6] *Id.*

For purposes of federal review, state evidentiary rulings do not warrant habeas relief unless they violate a specific constitutional right or render the trial so fundamentally unfair

---

[5] Rule 403 of the Mississippi Rules of Evidence provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[6] Rule 405 of the Mississippi Rules of Evidence provides as follows:

> (a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
>
> (b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

11

as to violate due process. *Holiday v. Stephens*, No. 13-70022, 2014 WL 5139283 (5th Cir. Oct. 14, 2014). Wansley asserts no constitutional violations here. He merely contends, as he did in state court, that the evidence was wrongly excluded. "We do not sit as a 'super' state supreme court." *Smith v. McCotter*, 786 F. 2d 697, 700 (5th Cir. 1986). Mississippi appellate courts are "free to police their own evidentiary rules." *Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993). To merit habeas relief due to an admissibility error, Wansley must show that the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Fry v. Plier*, 551 U.S. 112 (2007). There must be "more than a mere possibility that [the error] contributed to the verdict. *Koon v. Cain*, 277 F. App'x 381, 386 (5th Cir. 2008) (quoting *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999)). "It must have had a substantial and injurious effect or influence in determining the verdict." *Id.* Only when excluded evidence is a "crucial, critical, and highly significant factor in the context of the entire trial," will it be deemed a due process violation. *Watts v. Quarterman,* 244 F.App'x. 572 (5th Cir. 2007) (quoting *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999)).

  Wansley fails to make this showing here. Permissible inferences from the evidence presented at trial, including Wansley's own testimony, could lead a reasonable juror to conclude that he did not act in self-defense. On cross-examination, Wansley testified that he was upset because the victim had called him names. He testified that he felt

disrespected by these "fighting words," which prompted him to get out of his vehicle and confront the victim. When questioned further, Wansley acknowledged that he could have either stayed in his vehicle, or left his gun in his vehicle before confronting the victim. He also acknowledged that his girlfriend and her mother tried to dissuade him from confronting the victim, and that he "could have" listened to them. Moreover, he conceded that he could have walked away when the victim walked back towards his vehicle, and even confessed that he did not feel threatened until he thought the victim had retrieved a gun from his vehicle. Again, as noted on direct appeal, "[t]he jury could have believed nearly all of Wansley's account and still concluded he was an aggressor and the shooting resulted from mutual combat, or even that Wilson was reaching for his own gun in self-defense."[7] *Wansley,* 114 So.3d at 796. Hence, Wansley cannot show that the exclusion of the evidence in question had a substantial and injurious effect on the jury's verdict. Even if he had been permitted to testify that he had been threatened earlier that day, the evidence that had to be overcome was that hours later, he argued with the victim, followed him, pulled a gun from his pocket, and shot him four times in the back.

      The state court's determination of this claim was not in conflict with clearly established federal law, nor was it based on an unreasonable application of the facts in light of the evidence.

---

[7]ECF Nos. 12-4, pp. 129-152; 12-5, pp. 2-58.

For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that this habeas petition should be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 11th day of March 2015.

                                                        /s/  Linda R. Anderson
                                     UNITED STATES MAGISTRATE JUDGE